IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD BARROSO, #1452245 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv405 |
| STATE OF TEXAS, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Richard Barroso, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #7) concluding that the complaint should be dismissed without prejudice for failure to state a claim predicated on Mr. Barroso's failure to exhaust his administrative remedies. Mr. Barroso has filed objections (Dkt. #11).

Mr. Barroso clearly states on the face of his handwritten original complaint that he has not exhausted his administrative remedies. He asks the court to suspend the rule requiring him to exhaust all available administrative remedies due to the emergency or special circumstances of his case. In his objections, Mr. Barroso again asks the court to suspend the rule to exhaust all available administrative remedies.

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are

1

exhausted." 42 U.S.C. § 1997e(a). In light of the enactment of the PLRA, the Supreme Court unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731, 121 S. Ct. 1819 (2001). The Court subsequently held that the PLRA requires "proper exhaustion," meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 126 S. Ct. 2378, 2384 (2006). More recently, the Court reiterated that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910, 918-19 (2007).

Ordinarily, the failure to exhaust is an affirmative defense. *Id.* at 216, 127 S. Ct. at 921. "Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes it clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (citing *Jones*, 549 U.S. at 215, 127 S. Ct. at 921). Consequently, the Fifth Circuit has consistently held that a court may *sua sponte* dismiss a case for failure to exhaust if the complaint itself makes clear that the prisoner failed to exhaust. *Scott v. Thomas*, 553 F. App'x 462 (5th Cir. 2014); *Moore v. Thaler*, 436 F. App'x 311, 312 (5th Cir. 2011); *Hicks v. Garcia*, 372 F. App'x 557 (5th Cir. 2010).

In the present case, Mr. Barroso did not use the standardized civil rights complaint form. He presented a lengthy complaint which specifies that he had not exhausted his administrative remedies. He states that he has filed three Step 1 grievances complaining about a denial of his right of access to court. He has not received a response to any of the Step 1 grievances. He asks

2

the Court to suspend the rule requiring him to exhaust all available administrative remedies due to the emergency or special circumstances of his case. From the face of his complaint itself, it is clear that he failed to exhaust his administrative remedies before he filed the lawsuit. As mandated in *Carbe*, the lawsuit should be dismissed for failure to state a claim predicated on the failure to exhaust. The court has "no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Mr. Barroso's request in his complaint and objections to disregard the exhaustion requirement lacks merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Barroso to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Barroso's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** without prejudice for failure to state a claim predicated on Mr. Barroso's failure to exhaust his administrative remedies. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **3** day of **August, 2017.**

_____
Ron Clark, United States District Judge